CARDWELL<br>*vs*<br>PAYNE, &c.

---

## Cardwell *vs* Payne, &c.

### Appeal from the Shelby Circuit.

#### *Entry. Notoriety. Evidence.*

JUDGE EWING delivered the Opinion of the Court.

CHANCERY.<br><br>*Case* 30.<br><br>*December 5.*

WE deem it unnecessary to decide upon the effect of the possession of Howard, by his tenants, upon a part of his tract, outside of, and remote from the interference, to bar the complainant's equity, as we think his entry has not been satisfactorily sustained by the evidence in this record.

Joseph Sanders and William Meriwether are the only two witnesses relied on to prove the existence, identity, and notoriety of the objects called for in Pattons entry, which is made the basis of the entry of John Roberts, under which, the complainants claim. Sanders says that he became acquainted with Eighteen Mile Creek in 1780. And in answer to the interrogatory, ": was the creek, called Eighteen Mile Creek, generally known by that name about that time?" he says, "when I *first* came to the falls of Ohio; it was *known* by that name." Patton's entry was made on the 26th Dec. 1782. *When* he came to the falls is not stated, consequently it does not appear *when* the creek was known by the name of Eighteen Mile Creek. It may have been known by that name

Objects called for in an entry must have had existence, identity, and notoriety at the date of the entry; that they existed and were notorious afterwards, will not sustain the entry.

some time before, or after the entry was made, and not known by that name at the date of the entry. Besides, 'tho asked whether it was *generally known*, he answers, that it was known, but to whom or how many, or wheth- to any body but himself, he does not state, or whether even to himself or any body else, it was known by that name at the date of the entry. Meriwether when asked the same question says, "that in 1783, he was acquainted with the creek now called Eighteen Mile Creek, which empties into the Ohio opposite to Eighteen Mile Island, and does not recollect whether the creek was called by that name at that time." The Eighteen Mile Island was known by *that name at that time;* now, *Meriwether came* to Kentucky in 1780, yet as late as '83, when he became acquainted with the creek, he cannot state that it was called or known by the name of the Eighteen Mile Creek. We are not, therefore, satisfied that the creek now known by the name of the Eighteen Mile Creek was *generally* known by that name at the falls of the Ohio, or at any of the settlements near it, or at any other place. And if the Eighteen Mile Creek was about that distance from the falls, which does not appear, as the entry of Patton does not indicate that it runs into the Ohio above or be- low, or even that it is a branch of the Ohio, or what dis- tance it lies from the falls or from any other settlement, it could not be found by any subsequent locator by descrip- tion. And we think the proof of its notoriety, by that name, is entirely insufficient to sustain any equity that has been slept on for near sixty years, against the elder patent. The record in the case of *Cardwell* vs *Strother, &c.* is not evidence in this case.

The decree of the Circuit Court is therefore affirmed with costs.

*T. P. Wilson and McHenry* for appellant: *S. Todd and Payne* for appellees.